NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANGUO YAO,<br><br>  Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>  Respondent. | No. 24-1758<br><br>Agency No.<br>A087-846-081<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025**
Pasadena, California

Before: GRABER, TALLMAN, and BUMATAY, Circuit Judges.

Jianguo Yao, a native and citizen of China, seeks review of a Board of

Immigration Appeals' ("BIA") order affirming an immigration judge's denial of his

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we review the BIA's legal conclusions de novo and factual determinations for substantial evidence.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  We deny the petition.

1. Substantial evidence supports the BIA's denial of Yao's asylum and withholding of removal claims.  To qualify for asylum, Yao must demonstrate either past "persecution or a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).  For withholding of removal, the standard is a "clear probability." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003); 8 U.S.C. § 1231(b)(3). Because persecution is an "extreme concept," it "does not include every sort of treatment our society regards as offensive," and "not all negative treatment equates with persecution." *Sharma v. Garland*, 9 F.4th 1052, 1060–61 (9th Cir. 2021) (citations and internal quotation marks omitted).  Relevant factors include whether the petitioner suffered significant physical violence and whether any harm experienced was an isolated incident or part of a broader pattern of abuse.  *Id.* at 1061.

First, the record does not compel the conclusion that Yao experienced past persecution in China.  Yao claims that he suffered persecution when (1) he was beaten by two Chinese police officers for approximately one minute and detained

overnight after assisting a friend in transporting Bibles, (2) the police revoked his taxicab license following this detention, and (3) his wife underwent two forcible abortions in 1997 and 2009.

The beating Yao suffered at the hands of the police was brief, isolated, and did not result in severe or lasting injuries, and so it does not rise to the level of persecution. Yao has not shown that his economic hardship was so severe to be persecution rather than a "mere economic disadvantage." *Id.* at 1062 (citation omitted). He provided no evidence that his taxicab license was revoked—records show that it remained valid for four years after his detention—and failed to demonstrate that he was unable to find other work. Finally, Yao failed to establish that his wife's forced abortions constituted persecution against him. *See id.* at 1061–1063. There is no evidence that he sought mental health treatment or suffered from any mental, emotional, or psychological issues related to his wife's abortions, either at the time or later.

Second, the record does not compel the conclusion that Yao demonstrated a well-founded fear of future persecution if returned to China. Yao is not himself a Christian or religious adherent. Yao's wife and child have remained in China without harm or restrictions imposed by the police. Zhao, the Christian friend arrested alongside Yao in 2008, who faced harsher treatment during their arrest and detention and similar terms of release, has not experienced further harassment,

arrest, or harm by the police. The BIA reasonably concluded, in the circumstances, that Yao lacked an objectively reasonable fear of future persecution.

2. Substantial evidence supports the BIA's denial of CAT protection. To qualify for CAT protection, Yao must "establish that it is more likely than not" that he "would be tortured if removed" to China. 8 C.F.R. § 1208.16(c)(2) (2020). Because the BIA reasonably concluded that Yao's past harm did not rise to the level of persecution, it necessarily falls short of meeting the higher threshold for torture. *Hussain v. Rosen*, 985 F.3d 634, 650 (9th Cir. 2021). Nor has Yao demonstrated an objectively reasonable fear of future torture as he is not himself religious, and his immediate family and the Christian friend arrested with him remain in China unharmed.

**PETITION DENIED.**